**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | * CASE NO. 17-52539-LRC |
| | * |
| MIGNON NICOLE GRESHAM, | * |
| aka MIGNON NICOLE BODY, | * CHAPTER: 13 |
| aka MIGNON NICOLE DILLAHUNT, | * |
| | * |
| | * |
| DEBTOR. | * |

**MOTION TO APPROVE LOAN MODIFICATION**

COMES NOW the Debtor in the above-styled Chapter 13 case, and through counsel, files this "Motion to Approve Loan Modification" by showing to this Honorable Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1334, 151 and 157.

2.

This Court is the proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(D).

4.

Debtor filed the petition for relief in the above-styled Chapter 13 case on February 8, 2017. The Chapter 13 Plan was confirmed on August 3, 2017. The Plan calls for $11,717.00 dividend to unsecured creditors.

5.

In the Chapter 13 schedules, the Debtor lists an interest in real property located at 5171 Winding Glen Drive Lithonia, GA 30038

6.

Under the current loan, the principal amount owed is $116,546.92. The current interest

*/pw*

rate is 4.250% Fixed. The monthly payment amount is $961.89. The remaining balance of the current loan's term is 122 months.

7.

Debtor and mortgage lender Embrace Home Loans have reached an agreement to modify the loan. The principal amount owed under the new loan will be $122,807.35, which includes approximately $3,063.85 in existing unpaid interest added to principal.  The interest rate is reduced to 4.250% Fixed. The monthly payment amount will be approximately $991.29. The term of the new loan will be for 360 months.

8.

Debtor believes that the loan modification is in the best interest of the estate and creditors and that such a modification will assist in the effectuation of the Debtor's financial reorganization.


WHEREFORE, Debtor prays:

(a) that this Motion be filed, read and considered;

(b) that this Motion be granted; and,

(c) that this Honorable Court grant such other and further relief as it deems just and proper.

Respectfully submitted,
Clark & Washington, LLC

s/_____
**Adam Kaddoura**
GA Bar No. 890831
Attorney for the Debtor

Clark & Washington, LLC
3300 Northeast Expressway
Building 3
Atlanta, GA 30341
(404)522-2222
Fax(770)220-0685

/pw

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | * CASE NO. 17-52539-LRC |
| | * |
| MIGNON NICOLE GRESHAM, | * |
| aka MIGNON NICOLE BODY, | * CHAPTER: 13 |
| aka MIGNON NICOLE DILLAHUNT, | * |
| DEBTOR. | * |

**NOTICE OF HEARING ON MOTION TO APPROVE LOAN MODIFICATION**

**PLEASE TAKE NOTICE** that the Debtor in the above-referenced matter filed a **"Motion to Incur Post-Petition Debt"** seeking to Approve Loan Modification.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the matter in Court Room 1204 (12th Floor) of the US Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, at 1:45 PM, on May 8, 2018.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Room 1340 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted,
Clark & Washington, LLC
s/_____

Clark & Washington, LLC          **Adam Kaddoura**
3300 Northeast Expressway        **GA Bar No. 890831**
Building 3                        **Attorney for the Debtor**
Atlanta, GA 30341
(404)522-2222
Fax(770)220-0685

*/pw*

## CERTIFICATE OF SERVICE

I certify that I served the Debtor with a true and correct copy of the within the and foregoing "Notice of Hearing on Motion to Approve Loan Modification" and "Motion to Approve Loan Modification" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed as follows:

Mignon Nicole Gresham
5171 Winding Glen Drive
Lithonia, GA 30038

I further certify that, by agreement of the parties, Melissa J. Davey, Standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

And, in the same manner I served the parties listed in the attached matrix with the "Notice of Hearing on Motion Approve Loan Modification" at the addresses indicated therein,

Dated  04/06/2018
s/ _____
**Adam Kaddoura**
**GA Bar No. 890831**
Attorney for the Debtor

Clark & Washington, LLC
3300 Northeast Expressway
Building 3
Atlanta, GA 30341
(404)522-2222
Fax(770)220-0685

/pw

Label Matrix for local noticing
113E-1
Case 17-52539-lrc
Northern District of Georgia
Atlanta
Thu Apr  5 09:34:35 EDT 2018

Rachel Ahrum
Aldridge Pite, LLP
4375 Jutland Drive
San Diego, CA 92117-3600

Avant Credit, Inc
640 N La Salle St
Suite 535
Chicago, IL 60654-3731

Bank Of America
Nc4-105-03-14
Po Box 26012
Greensboro, NC 27420-6012

Patti H. Bass
Bass & Associates, PC
Suite 200
3936 E. Ft. Lowell Road
Tucson, AZ 85712-1083

Capital One
Attn: General Correspondence/Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Cardworks/CW Nexus
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804-9001

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

E. L. Clark
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341-3932

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303-1236

Michele A. De Witt
Aldridge Pite, LLP
4375 Jutland Dr.
San Diego, CA 92117-3600

Dekalb Medical Center
P. O. Box 935312
Atlanta, GA 31193-5312

Embrace Home Loans, Inc.
RoundPoint Mortgage Servicing Corp.
5016 Parkway Plaza Blvd. Suite 200
Charlotte, NC 28217-1930

Fed Loan Sevicing
Po Box 69184
Harrisburg, PA 17106-9184

Fst Premier
601 S Minneapolis Ave
Sioux Falls, SD 57104

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Mignon Nicole Gresham
5171 Winding Glen Drive
Lithonia, GA 30038-5313

IRS
401 W. Peachtree St., NW
Stop #334-D
Room 400
Atlanta, GA 30308

Brian K. Jordan
Aldridge Pite, LLP
Suite 500 - Fifteen Piedmont Center
3575 Piedmont Road, NE
Atlanta, GA 30305-1636

Kohls/Capital One
Kohls Credit
Po Box 3043
Milwaukee, WI 53201-3043

LVNV Funding, LLC its successors and assigns
assignee of QPL-LC Trust
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

LVNV Funding, LLC its successors and assigns
PO Box 10587
Greenville, SC  29603-0587

Lending Club Corp
71 Stevenson St
Suite 300
San Francisco, CA 94105-2985

Loancare Inc
Po Box 8068
Virginia Beach, VA 23450-8068

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Ciro A. Mestres
Aldridge Pite, LLP
Suite 500 - Fifteen Piedmont Center
3575 Piedmont Road, NE
Atlanta, GA 30305-1636

Midland Credit Management, Inc. As Agent
For Midland Funding LLC
PO Box 2011
Warren MI 48090-2011

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Roundpoint Mortgage
5032 Parkway Plaza Blvd
Charlotte, NC 28217-1934

Syncb/Ashley Homestore
Po Box 965064
Orlando, FL 32896-5064

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

Synchrony Bank/Sams
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 956060
Orlando, FL 32896-0001

U. S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta GA 30303-3315

U.S.Department of Education
C/O FedLoan Servicing
P.O.Box 69184
Harrisburg PA 17106-9184

Unifund CCR
10625 Techwoods Circle
Cincinnati, OH 45242-2846

United Consumer Financial Serv
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

United Consumer Financial Services
865 Bassett Rd
Westlake, OH 44145-1194

United Consumer Financial Services
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Wells Fargo Bank
Attn: Bankruptcy
Po Box 94435
Albuquerque, NM 87199-4435

Wells Fargo Bank Card
Mac F82535-02f
Po Box 10438
Des Moines, IA 50306-0438

Wells Fargo Bank N.A.
Wells Fargo Personal Lines and Loans
PO Box 10438, MAC F8235-02F
Des Moines IA 50306-0438

Wells Fargo Bank, N.A.
Wells Fargo Bank, N.A., Wells Fargo
Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Georgia Department of Revenue
Accounts Receivable Collection Section
1800 Century Blvd. NE
Suite 9100
Atlanta, GA 30345

Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)EMBRACE HOME LOANS, INC.

(u)RoundPoint Mortgage Servicing Corporation

End of Label Matrix
Mailable recipients    44
Bypassed recipients     2
Total                  46

# embrace
## home loans

VIA OVERNIGHT COURIER

February 21, 2018

MIGNON N. DILLAHUNT F/K/A MIGNON BODY
CLARK and WASHINGTON LLC 300 NORTHEAST EXPWY NE
ATLANTA, GA 30341

Re:     Loan #: ▮▮▮▮▮▮▮
        Property Address: 5171 WINDING GLEN DR
                          LITHONIA, GA 30038

Dear MIGNON N. DILLAHUNT F/K/A MIGNON BODY:

Enclosed please find two original copies of a Loan Modification Document Package and one copy for your records. Please review the Loan Modification Agreement. If it is consistent with your prior discussions with RoundPoint on behalf of Embrace, please execute the documents **in the presence of a notary** and return to RoundPoint on behalf of Embrace in the enclosed envelope **by March 7, 2018.** Please sign your name exactly as it is printed under the signature line. Witness signatures must be from two different individuals and require their printed name under their signature.

The Agreement changes the monthly principal and interest amount of your payment to **$604.14, effective March 1, 2018.** The taxes and insurance portion of the monthly payment is **$387.15**, with a total payment of **$991.29 due April 1, 2018.** Please note that the tax and insurance payment amount is subject to change upon escrow analysis. If you are currently making payments under a trial modification agreement with RoundPoint on behalf of Embrace, you are responsible for continuing your payments to RoundPoint on behalf of Embrace through the effective date of the Agreement. Failure to make the payments may result in RoundPoint on behalf of Embrace's rescission of this loss mitigation option.

- **In addition to the documents, please include your initial contribution, in certified funds, in the amount of $0.00, no later than March 7, 2018.**

- **Additionally, please remit your first monthly payment, in certified funds, in the amount of $991.29, no later than April 1, 2018.**

This will be necessary to complete and record the modification and includes charges for corporate advances by RoundPoint on behalf of Embrace, including but not limited to attorney fees and costs, returned check fees and late charge fees. Additional sums may become due as a result of the timing of this letter and agreement. Nothing in this letter or agreement precludes collection of additional advances by RoundPoint on behalf of Embrace.

**Please note that you have the right to consult an attorney before signing the Loan Modification Agreement. If you are represented by an attorney, please provide RoundPoint on behalf of Embrace with the name and contact information.**

If you have any questions regarding the Loan Modification Agreement, please consult with your RoundPoint on behalf of Embrace Loss Mitigation representative. Please note that the Firm is not attempting to collect the debt and its role is to prepare the documents and ensure that the documents are in a recordable format.

Very truly yours,

EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT

Enclosures

RoundPoint Mortgage Servicing Corporation on behalf of Embrace Home Loans is a debt collector. RoundPoint on behalf of Embrace is attempting to collect a debt and any information obtained will be used for that purpose. However, if you are in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

P.O. Box 19210 | Charlotte, North Carolina 28219-0229 | 800-224-7106
www.embraceloanservicing.com
Colorado Residents: RoundPoint Mortgage Servicing Corporation on behalf of Embrace Home Loans maintains an in-state office as required by 4 Code of Colorado Regulations 903-1.
Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield CO 80020 Phone: 303-920-4783






The following documents are for the Lenders Records.
Please sign and return.

P.O. Box 19210 | Charlotte, North Carolina 28219-0229 | 800-224-7106
www.embraceloanservicing.com
Colorado Residents: RoundPoint Mortgage Servicing Corporation on behalf of Embrace Home Loans maintains an in-state office as required by 4 Code of Colorado Regulations 903-1.
Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield CO 80020 Phone: 303-920-4763




## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ▮▮▮▮▮▮

Date: **February 21, 2018**

Borrower(s):    **MIGNON N. DILLAHUNT F/K/A MIGNON BODY**

Property Address:    **5171 WINDING GLEN DR, LITHONIA, GA 30038**

Lender:    **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

In consideration of **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    **(Date)**

**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower





Errors and Omissions/Compliance Agreement

## NOTICE OF NO ORAL AGREEMENTS

Loan Number: ████████                                    Date: **February 21, 2018**

Borrower(s):    **MIGNON N. DILLAHUNT F/K/A MIGNON BODY**

Property Address:    **5171 WINDING GLEN DR, LITHONIA, GA 30038**

Lender:    **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS
ATTORNEY-IN-FACT**

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE
PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OR PRIOR, CONTEMPORANEOUS
OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this
Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises,
promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or
commitments, or any combination of those actions or documents, pursuant to which a financial institution
loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of
value or to otherwise extend credit or make a financial accommodation.

_____    (Date)
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower




Notice of No Oral Agreement

## Closing and Notary Requirements

**To the borrower(s):** Please carry this sheet with you when you have your documents notarized. This checklist is being provided to ensure that your Loss Mitigagtion documents are correctly executed. If any of the following steps are not completed, or are completed incorrectly, the documents will be returned to you for correction and / or completion.

### PLEASE CAREFULLY FOLLOW THE INSTRUCTIONS BELOW
### to ensure we can close your workout.

**Borrower(s):**

- All closing documents MUST be signed in Black ink.
- All closing documents MUST be signed in the presense of a notary.
- **You must sign your name exactly as your name is printed. If your name is incorrect, please contact Loss Mitigation at 1-877-426-8805 and advise.**
- Borrowers to sign on all signature lines.
- Absolutely NO WHITE-OUT on any document. If you make an error, cross through the error and re-sign or re-print the information.
- **All documents must be in recordable form. If anything is missing or not signed, the documents will be returned to you.**
- Country, State, and date information completed (if applicable) on Borrower's Acknowledgment for each set of documents.
- **DO NOT HAVE DOCUMENTS NOTARIZED BY A FAMILY MEMBER OR A FOREIGN NOTARY.**

**Notaries:**

- **Notaries must clearly print their name as it appears on their seal below their signature.**
- Notaries: The expiration date of the commission must be clearly printed or stamped and must be CURRENT.
- NOTARIES: DO NOT SEAL OVER ANY VERBIAGE OR SIGNATURES OR IN THE MARGINS OF THE PAGE.




**Witnesses:**

- Where Witness Lines are present: Witnesses **MUST** print their name beneath their signature.

_____ -Witness                        _____ -Witness
**Print Witness Name Here**                                      **Print Witness Name Here**

**Miscellaneous information:**

- **IF PROPERTY IS IN PRINCE GEORGE'S COUNTY MARYLAND:** please initial by B-1 only on the Finance Affidavit and sign and have notarized at the bottom.
- **Borrower must return 1 set of ORIGINAL signed documents ( all pages) and 1 Exhibit A for each document (if applicable) in the enclosed prepaid envelope within 10 days of receipt. Keep 1 copy for your records.**
- Funds to close must be in certified funds / cashier checks or money orders. Personal checks will be returned. Funds must be received within the required timeframe.

**Acknowledgment Examples:**

_____ [Space Below This Line For Acknowledgments] _____
State of

County of _____

I certify that I know or have satisfactory evidence that _____
      **Insert Borrower Name(s)**

_____
(name of person) is the person who appeared before me, and said person acknowledged that (he/she)
signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and
purposes mentioned in the instrument.

Dated: _____

_____
Signature of Notary
**Insert "Notary Public" as title**
_____
Title

My Commission expires: _____




_____ [Space Below This Line For Acknowledgments] _____
State of _____
County of _____

I, **Insert Notary Name** _____, a **Notary Public** _____ residing in the County and State

certify that _____ **Insert Borrower Name(s)** _____
_____

who is/are personally known to me, and this day appeared before me and acknowledged that he/she/they
signed, sealed and delivered the foregoing Security Deed of his/her/their own free will and accord, for the
purposes named and expressed in that instrument.

In witness, I have set my hand and official seal unto this instrument this _____ day of
_____, 20_____.

Signature **Notary Public** _____
Title of Officer

My _____ (commission or term of office) expires on _____ [Date].

_____ [Space Below This Line For Acknowledgments] _____
State of _____          }

County of _____          }

On _____ **Date** _____ before me, _____ **Notary Name** _____ personally appeared
_____ **Insert Borrower Name(s)** _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
NOTARY MUST PRINT OR TYPE
This must be printed or typed in a manner that is photographically reproducible (GC27201.5)
Name of the notary: _____
County of notary's principal place of business: _____
Notary's phone number: _____
Notary's registration number: _____
Commission expiration date: _____

**Notary MUST fill in all lines of information**




# embrace
## home loans

## MONTHLY AUTO DRAFT APPLICATION

Monthly auto draft payments can be made via ACH. ACH is a convenient, easy and efficient way for you to make your monthly mortgage payment. This payment method is completely free of charge. There are three ways you can sign up for ACH.

**Online:** Please visit our website at www.embraceloanservicing.com and follow the steps below to get started.

1. Click Make a Payment                3. Click Manage Profile
2. Enter your account information       4. Click Recurring Payments to setup

**By Phone:** You can contact one of our friendly Customer Service Representatives at 800-224-7106. We will be happy to set up ACH drafting for you.

**By Mail:** Please complete the steps below if you would prefer to sign up for monthly auto draft payments via mail.

**1. Complete and sign this application**

☐   Draft my payment on the due date

☐   Draft my payment _____ days after my due date. You can select 1-14 days.

Loan Number: _____    Bank Name: _____
Borrower Name: _____    Routing Number: _____
Property Address: _____    Account Number: _____
_____    Account Type: ☐ Checking ☐ Savings

**(Optional)** I would like an additional $_____ debited each month and applied to my principal balance.

By submitting this application, you authorize RoundPoint Mortgage Servicing Corporation on behalf of Embrace Home Loans (RoundPoint on behalf of Embrace) to debit the account specified above for the amount of your scheduled monthly mortgage payment due plus any additional principal that you may select. In the event that the monthly payment changes due to increases or decreases in the escrow account or interest rate (if applicable), RoundPoint on behalf of Embrace will notify you in writing before the change occurs and will automatically adjust the debit amount for you. It is your responsibility to notify RoundPoint on behalf of Embrace of any changes at least 15 days prior to next draft date.

Signature(s): _____    _____
**All bank account holders must sign this application.**

**2. Attach a voided check or savings account deposit slip from your bank**

| | |
|---|---|
| Routing Number | Account Number |

**3. Send the completed form to:**
**Email:** ServicingHelp@ServicingHome.com
**Fax Toll Free:** (877) 776-1112
**Mailing Address:** RoundPoint Mortgage Servicing Corporation on behalf of Embrace Home Loans
PO Box 19210
Charlotte, NC 28219-0229

**4. Receive Confirmation**
Upon successful enrollment in the ACH program, you will receive a confirmation letter via mail or email. The confirmation letter will identify the date of the first scheduled ACH draft payment. RoundPoint on behalf of Embrace will not be able to process the application if the loan is not current.




10812 11/16     Page 1 of 2

# MONTHLY AUTO DRAFT PAYMENT PROGRAM

## Frequently Asked Questions

### How does the program work?

Once you sign up with ACH, your mortgage payment will automatically deduct from your designated checking or savings account each month. RoundPoint on behalf of Embrace will send notification to your bank to transfer the exact amount of the mortgage payment. A record of the transaction will be included each month on your bank statement and your monthly billing statement from RoundPoint on behalf of Embrace. If your payment increases, your ACH draft will automatically increase.

### Why should I sign up for the ACH service?

ACH is free, convenient, secure, and offers peace of mind. You no longer have to write out and send in a check each month for your mortgage payment. No stamps, no envelopes, no worries, no hassle. And you'll have peace of mind knowing your monthly mortgage payment was made automatically, on time, and through a secure method.

### Does ACH cost anything?

There are absolutely no charges to setup or use our ACH service. Please be advised, however, that in the event you do not have sufficient funds in your account to cover the monthly payment amount on the transfer date, your bank may charge you an Overdraft/Insufficient Funds Fee. You should contact your bank to determine if this fee applies and the actual amount incurred. RoundPoint on behalf of Embrace will not be held liable or responsible for the payment of any overdraft charged or other bank fees as a result of an attempted transfer from your account containing insufficient funds. RoundPoint on behalf of Embrace will also assess an insufficient funds fee in the amount of $25.00. You will remain liable and responsible for any monthly payments which remain unpaid as a result of an unsuccessful attempted transfer from your account containing insufficient funds.

### Can I still make additional principal payments or escrow deposits?

Yes! If you want to make additional payments, either designate on the application the amount of the principal payment to be withdrawn in addition to your monthly payment, or simply mail a check for the desired amount. Additional escrow can be mailed any time. Please include your mortgage account number and the words "additional principal" or "escrow deposit" on the face of your check.

### How can I begin this convenient service?

It's very simple. You can call us at 800-224-7106, go online, or fill out the application and send it in via email, fax, or mail. Please provide a voided blank check or a savings account deposit slip with the application. The application and your voided check or deposit slip gives RoundPoint on behalf of Embrace the accurate information needed to begin the ACH service. The confirmation letter identifies the date of the first scheduled ACH draft payment. Please continue to make the normal mortgage payments until you receive your confirmation letter.

### Can I cancel the ACH service?

Absolutely. You may cancel the ACH service at any time. Simply call our toll free number at 800-224-7106 or send in a written notice detailing your request at least 15 days prior to your next due date.

### What happens if I change my bank?

If you change your bank, you will want to call our toll free number at 800-224-7106 at least 15 days before your next draft date to update the ACH service.

### If you have any additional questions

Please call us at 800-224-7106. One of our Customer Service Representatives will be happy to answer your questions. Our offices are open Monday through Friday from 8:00 AM until 10:00 PM and Saturday from 8:00 AM until 12:00 PM Eastern Time.




After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:
MAURICE JENKINS
RoundPoint Mortgage Servicing Corporation
5016 Parkway Plaza Blvd, Suite 200
Charlotte, NC 28217

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: July 10, 2015
Unpaid Principal Balance: $116,546.92
Original Loan Amount: $121,082.00
New Money: $6,260.43
New Loan Amount: $122,807.35

Loan ███████
Investor Loan ███████
FHA Case No.: 1███████

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 21st day of February, 2018, between **MIGNON N. DILLAHUNT F/K/A MIGNON BODY** whose address is **CLARK and WASHINGTON LLC 300 NORTHEAST EXPWY NE, ATLANTA, GA 30341** ("Borrower") and **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT** which is organized and existing under the laws of **The United States of America**, and whose address is **5016 Parkway Plaza Blvd, Suite 200, Charlotte, NC 28217** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **June 30, 2015** and recorded in Book/Liber **25042**, Page **723**, Instrument No: **2015098196** and recorded on **July 10, 2015**, of the Official Records of **DEKALB County, GA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**5171 WINDING GLEN DR, LITHONIA, GA 30038,**
(Property Address)

the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 1, 2018**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$122,807.35**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of **$2,063.85** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been



HUD MODIFICATION AGREEMENT
8300h 01/14

(page 1 of 4)

accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.250%**, from **March 1, 2018**. Borrower promises to make monthly payments of principal and interest of U.S. **$604.14**, beginning on the **1st** day of **April, 2018**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **March 1, 2048** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by



HUD MODIFICATION AGREEMENT
8300h 01/14

*(page 2 of 4)*

this Agreement.

7.  Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8.  This Agreement modifies an obligation secured by an existing security instrument recorded in DEKALB County, GA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $116,546.92. The principal balance secured by the existing security instrument as a result of this Agreement is $122,807.35, which amount represents the excess of the unpaid principal balance of this original obligation.

9.  **Additional Agreements. I** agree to the following:

That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

_____ (Seal)
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower

_____-Witness        _____-Notary Public
Signature                             Signature




HU
8300h 01/14                                                    (page 3 of 4)

**EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

By: _____ (Seal) - Lender

Name: _____

Title: **Portfolio Manager**

_____
Date of Lender's Signature

_____ -Witness          _____ -Notary Public
Signature                                           Signature



HUD MODIFICATION AGREEMENT
8300h 01/14                                                                        *(page 4 of 4)*

After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:
MAURICE JENKINS
RoundPoint Mortgage Servicing Corporation
5016 Parkway Plaza Blvd, Suite 200
Charlotte, NC 28217

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: July 10, 2015
Unpaid Principal Balance: $116,546.92
Original Loan Amount: $121,082.00
New Money: $6,260.43
New Loan Amount: $122,807.35

Loan
Investor Loan
FHA Case No.:

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 21st day of February, 2018, between
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** whose address is **CLARK and WASHINGTON LLC
300 NORTHEAST EXPWY NE, ATLANTA, GA 30341** ("Borrower") and **EMBRACE HOME LOANS,
INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**
which is organized and existing under the laws of **The United States of America**, and whose address is
**5016 Parkway Plaza Blvd, Suite 200, Charlotte, NC 28217** ("Lender"), amends and supplements (1) the
Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **June 30, 2015** and recorded
in Book/Liber **25042**, Page **723**, Instrument No: **2015098196** and recorded on **July 10, 2015**,  of the
Official Records of **DEKALB County, GA** and (2) the Note, bearing the same date as, and secured by,
the Security Instrument, which covers the real and personal property described in the Security Instrument
and defined therein as the "Property", located at
**5171 WINDING GLEN DR, LITHONIA, GA 30038,**
(Property Address)
the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as
follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 1, 2018**, the amount payable under the Note and the Security Instrument (the
"Unpaid Principal Balance") is U.S. **$122,807.35**, consisting of the amount(s) loaned to Borrower
by Lender plus capitalized interest in the amount of **$2,063.85** and other amounts capitalized,
which is limited to escrows and any legal fees and related foreclosure costs that may have been



HUD MODIFICATION AGREEMENT
8300h 01/14

(page 1 of 4)

accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.250%**, from **March 1, 2018**. Borrower promises to make monthly payments of principal and interest of U.S. **$604.14**, beginning on the **1st day of April, 2018**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **March 1, 2048** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by



HUD MODIFICATION AGREEMENT
8300h 01/14

this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in DEKALB County, GA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $116,546.92. The principal balance secured by the existing security instrument as a result of this Agreement is $122,807.35, which amount represents the excess of the unpaid principal balance of this original obligation.

9. **Additional Agreements.** I agree to the following:

That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

_____ (Seal)
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower

_____ -Witness          _____ -Notary Public
Signature                                      Signature




HUD MODIFICATION AGREEMENT
8300h 01/14                                                                    *(page 3 of 4)*

**EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

By: _____ (Seal) - Lender

Name: _____

Title: <u>**Portfolio Manager**</u>

_____
Date of Lender's Signature

_____ -Witness          _____ -Notary Public
Signature                                                    Signature





Loan No.: 2003103674

## MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM

THIS MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM, effective the **21st** day of **February, 2018**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by **MIGNON N. DILLAHUNT F/K/A MIGNON BODY** (the "Borrower"), and **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT** (the "Lender"), covering the Property described in the Loan Modification Agreement located at:

**5171 WINDING GLEN DR, LITHONIA, GA 30038**
(Property Address)

Borrower understands and acknowledges that if Borrower breaches any of the terms and conditions of the Loan Modification Agreement, including, but not limited to, timely making the payments described in the Loan Modification Agreement, that Lender has the right to foreclose the Property in accordance with the terms and conditions of the underlying Security Instrument.

In addition to the covenants and agreements made in the Loan Modification Agreement, Borrower and Lender covenant and agree as follows:

1. Borrower was discharged in a Chapter 7 bankruptcy proceeding after the execution of the Note and Security Instrument;
2. Borrower has or reasonably expects to have the ability to make the payments specified in the Loan Modification Agreement; and
3. The Loan Modification Agreement was entered into consensually and it does not affect the discharge of Borrower's personal liability on the Note.

Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement or this Modification Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

_____    (Seal)
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower


**EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

By: _____(Seal) - Lender

Name: _____

Title: **Portfolio Manager**

_____
Date of Lender's Signature


_____-Witness    _____-Notary Public
Signature                                    Signature




# Exhibit "A"

Loan Number: ▮▮▮▮▮

**Property Address: 5171 WINDING GLEN DR, LITHONIA, GA 30038**

**Legal Description:**

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 23 OF THE 16TH DISTRICT OF DEKALB COUNTY, GEORGIA, AND BEING LOT 10, BLOCK A OF GLENCROFT SUBDIVISION, PHASE II, AS PER PLAT RECORDED IN PLAT BOOK 105, PAGE 91, DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE. TITLE TO THE ABOVE DESCRIBED PROPERTY CONVEYED TO MIGNON BODY FROM FANNIE MAC A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION BY SPECIAL WARRANTY DEED DATED AND RECORDED MAY 7, 2012 IN BOOK 23019 PAGE 302 OR INSTRUMENT NO. 2012083191.

 

# Exhibit "A"

Loan Number █████████

**Property Address: 5171 WINDING GLEN DR, LITHONIA, GA 30038**

Legal Description:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 23 OF THE 16TH DISTRICT OF DEKALB COUNTY, GEORGIA, AND BEING LOT 10, BLOCK A OF GLENCROFT SUBDIVISION, PHASE II, AS PER PLAT RECORDED IN PLAT BOOK 105, PAGE 91, DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE. TITLE TO THE ABOVE DESCRIBED PROPERTY CONVEYED TO MIGNON BODY FROM FANNIE MAC A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION BY SPECIAL WARRANTY DEED DATED AND RECORDED MAY 7, 2012 IN BOOK 23019 PAGE 302 OR INSTRUMENT NO. 2012083191.

 

Exhibit A Legal Description Attachment 11/12

*Page 1 of 1*



## The following documents are for the Borrowers Records.

P.O. Box 19210 | Charlotte, North Carolina 28219-0229 | 800-244-7106
www.embraceloanservicing.com
Colorado Residents: RoundPoint Mortgage Servicing Corporation on behalf of Embrace Home Loans  maintains an in-state office as required by 4 Code of Colorado Regulations 903-1.
Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield CO 80020 Phone: 303-920-4763





## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number ▌▌▌▌▌▌

Date: February 21, 2018

Borrower(s):   **MIGNON N. DILLAHUNT F/K/A MIGNON BODY**

Property Address:   **5171 WINDING GLEN DR, LITHONIA, GA 30038**

Lender:   **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

In consideration of **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.  Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____ (Date)

**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower





Errors and Omissions/Compliance Agreement

# NOTICE OF NO ORAL AGREEMENTS

Loan Number: ▮▮▮▮▮▮

Date: February 21, 2018

Borrower(s):    **MIGNON N. DILLAHUNT F/K/A MIGNON BODY**

Property Address:    **5171 WINDING GLEN DR, LITHONIA, GA 30038**

Lender:    **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OR PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.**  The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    (Date)
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** –Borrower





Notice of No Oral Agreement

After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:
MAURICE JENKINS
RoundPoint Mortgage Servicing Corporation
5016 Parkway Plaza Blvd, Suite 200
Charlotte, NC 28217

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: July 10, 2015
Unpaid Principal Balance: $116,546.92                    Loan ▮▮▮▮▮▮▮
Original Loan Amount: $121,082.00                    Investor Loan ▮▮▮▮▮▮
New Money: $6,260.43                    FHA Case No.: ▮▮▮▮▮▮▮▮
New Loan Amount: $122,807.35

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 21st day of February, 2018, between **MIGNON N. DILLAHUNT F/K/A MIGNON BODY** whose address is **CLARK and WASHINGTON LLC 300 NORTHEAST EXPWY NE, ATLANTA, GA 30341** ("Borrower") and **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT** which is organized and existing under the laws of **The United States of America**, and whose address is **5016 Parkway Plaza Blvd, Suite 200, Charlotte, NC 28217** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **June 30, 2015** and recorded in Book/Liber **25042**, Page **723**, Instrument No: **2015098196** and recorded on **July 10, 2015**, of the Official Records of **DEKALB County, GA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**5171 WINDING GLEN DR, LITHONIA, GA 30038,**
(Property Address)

the real property described being set forth as follows:
**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 1, 2018**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$122,807.35**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of **$2,063.85** and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been




HUD MODIFICATION AGREEMENT
8300h 01/14

(page 1 of 4)

accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.250%**, from **March 1, 2018**. Borrower promises to make monthly payments of principal and interest of U.S. **$604.14**, beginning on the **1st** day of **April, 2018**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **March 1, 2048** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)     all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b)     all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by



HUD_____ AGREEMENT
8300h 01/14



*(page 2 of 4)*

this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in DEKALB County, GA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $116,546.92. The principal balance secured by the existing security instrument as a result of this Agreement is $122,807.35, which amount represents the excess of the unpaid principal balance of this original obligation.

9. **Additional Agreements.** I agree to the following:

That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

_____ (Seal)

**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower

_____ -Witness        _____ -Notary Public
Signature                                  Signature



HUD MODIFICATION AGREEMENT
8300h 01/14



(page 3 of 4)

**EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

By: _____ (Seal) - Lender

Name: _____

Title: <u>**Portfolio Manager**</u>

_____
Date of Lender's Signature

_____ -Witness
Signature

_____ -Notary Public
Signature



HUD MODIFICATION AGREEMENT
8300h 01/14



(page 4 of 4)

Loan No. ████████

# MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM

THIS MODIFICATION BANKRUPTCY DISCLOSURE ADDENDUM, effective the **21st** day of **February, 2018,** and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by **MIGNON N. DILLAHUNT F/K/A MIGNON BODY** (the "Borrower"), and **EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT** (the "Lender"), covering the Property described in the Loan Modification Agreement located at:

**5171 WINDING GLEN DR, LITHONIA, GA 30038**
(Property Address)

Borrower understands and acknowledges that if Borrower breaches any of the terms and conditions of the Loan Modification Agreement, including, but not limited to, timely making the payments described in the Loan Modification Agreement, that Lender has the right to foreclose the Property in accordance with the terms and conditions of the underlying Security Instrument.

In addition to the covenants and agreements made in the Loan Modification Agreement, Borrower and Lender covenant and agree as follows:

1. Borrower was discharged in a Chapter 7 bankruptcy proceeding after the execution of the Note and Security Instrument;
2. Borrower has or reasonably expects to have the ability to make the payments specified in the Loan Modification Agreement; and
3. The Loan Modification Agreement was entered into consensually and it does not affect the discharge of Borrower's personal liability on the Note.

Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement or this Modification Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

_____ (Seal)
**MIGNON N. DILLAHUNT F/K/A MIGNON BODY** -Borrower


**EMBRACE HOME LOANS, INC., BY: ROUNDPOINT MORTGAGE SERVICING CORPORATION AS ITS ATTORNEY-IN-FACT**

By: _____(Seal) - Lender

Name: _____

Title: **Portfolio Manager**

_____
Date of Lender's Signature


_____ -Witness
Signature

_____ -Notary Public
Signature





## Exhibit "A"

Loan Number: ███████

Property Address: **5171 WINDING GLEN DR, LITHONIA, GA 30038**

Legal Description:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 23 OF THE 16TH DISTRICT OF DEKALB COUNTY, GEORGIA, AND BEING LOT 10, BLOCK A OF GLENCROFT SUBDIVISION, PHASE II, AS PER PLAT RECORDED IN PLAT BOOK 105, PAGE 91, DEKALB COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE. TITLE TO THE ABOVE DESCRIBED PROPERTY CONVEYED TO MIGNON BODY FROM FANNIE MAC A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION BY SPECIAL WARRANTY DEED DATED AND RECORDED MAY 7, 2012 IN BOOK 23019 PAGE 302 OR INSTRUMENT NO. 2012083191.



Exhibit A Legal Description Attachment 11/12



*Page 1 of 1*